ANTHONY MANIORT *v.* RANDOL W. ROBERTS.

The maker of a promissory note, drawn payable to the order of a fictitious person, will not be liable thereon to one claiming as endorsee, unless proved to have had knowledge of the fact that the payee is fictitious at the time of the signing. (See 2 R. S. 53, § 5, marg. page 768.)

The transfer of such a note by the holder should be made by delivery only, or by his own endorsement, and not by endorsing the name of the fictitious payee.

Where a note is for goods sold, the maker is protected in paying the same upon the endorsement of the seller to whom the note is given; and he cannot in-

terpose as a defence, that the seller was merely an agent, and that the goods were the property of his principal.

To entitle the holder of a note, claiming thereon without the endorsement of the payee, to recover, he must prove affirmatively that the payee is a fictitious person.

THIS was an appeal by the defendant from a judgment rendered against him as the maker of a promissory note. The opinion states the case.

*James S. Carpentier*, for the defendant.

*George W. Cook*, for the plaintiff.

·By THE COURT. INGRAHAM, FIRST J.—This action is brought to recover the amount of a promissory note made by the defendant, and delivered to one De Bucke, in payment of goods sold by De Bucke to the defendant. The note is made payable to the order of Edward Cornelis. De Bucke endorsed on the note, " Cornelis," and then endorsed the note to the plaintiff with his own signature.

Upon the trial, it appeared that the endorsement of the name of " Cornelis" was in the handwriting of De Bucke. There was some evidence ·throwing doubt on the existence of any person of that name, and the court below gave judgment for the plaintiff.

The only question in the case is, whether there is enough in the evidence to show that Edward Cornelis was a fictitious name. If so, the transfer to the plaintiff would be valid, and it would be immaterial whether the plaintiff paid present value for it or took the note in payment of an antecedent debt. The evidence of Demanck and of F. Cornelis that De Bucke had sold goods for them, and the belief of Demanck that this note was given for goods that De Bucke sold for him, would not operate as a defence to this note for Roberts. If he, Cornelis, has a claim to the note, he must put himself in a position to test the plaintiff's title to the proceeds of the note. It is not for the defendant to settle disputed claims between a principal and his agent, by refusing to pay either.

Maniort *v.* Roberts.

If properly endorsed, payment of the note by the defendant would protect him. If not properly endorsed, the plaintiff has no right to recover.

It is clear that the note was not endorsed by Edward Cornelis, and there is no way in which the title to the note in the plaintiff can be sustained, except upon the ground that the note belonged to De Bucke, and was taken by him in the name of a fictitious person.

This is provided for by statute, (1 R. S. 768,) in a case of the negotiation of a note, payable to a fictitious payee by the maker, giving such transfer validity without an endorsement against the maker, and against all persons having knowledge of the facts.

If, therefore, the evidence was sufficient to warrant the court below in finding that the note was payable to a fictitious payee, such finding cannot be disturbed.

The evidence upon this point is, that the note was given to De Bucke for goods sold by him to the defendant. That the defendant understood De Bucke sold the goods for another person, after he had given the note. That at the time of the sale, he supposed De Bucke was Mr. Cornelis, and now was inclined to believe Cornelis to be De Bucke, but that defendant had been informed another person claimed to be the owner of the note.

The testimony of F. Cornelis was, that he did not know any man named Edward Cornelis, and did not believe there was any man of that name. The evidence also shows, that the endorsement of the note in the name of Cornelis was in the handwriting of De Bucke.

This evidence can hardly be sufficient to warrant the conclusion, that the name of the payee was that of a fictitious person. The statute makes the transfer valid against persons knowing the name to be fictitious, but in no other case; and it has been held, that if the plaintiff, at the time he received the bill, knew that the payee was a fictitious person, he could not recover. If De Bucke intended to treat the payee as a fictitious person, he should have transferred the note by de-

livery, or by his mere endorsement, and not by endorsing the name of Cornelis upon it. Such endorsement has been held to be a forgery. (See cases cited in Chitty on Bills, 180, note u.) Certainly, De Bucke's conduct was not that of a man who meant to insist upon the fact of the payee being a fictitious person. On the contrary, by endorsing the name, he held forth the idea of the existence of Cornelis; and his conduct would rather lead to the conclusion of the existence of such payee, and an attempt (whether with or without a criminal intent) of using the note for his own purposes.

It appears to me the evidence was not sufficient to warrant the finding, that the payee was fictitious or that the maker knew it.

Judgment reversed.